IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Loretta L. Samuel and William R. Samuel, | ) | C/A No. 3:11-423-MBS-PJG |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| ESPN, Inc.; and Federation Internationale de Football Association, | ) ) ) | |
| Defendants. | ) ) | |

The plaintiffs, Loretta L. Samuel and William R. Samuel, self-represented individuals, filed this civil action against the named defendants.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation following a hearing held on August 28, 2012 on Defendant ESPN, Inc.'s motion to dismiss. (ECF No. 138.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the plaintiffs of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to the defendant's motion. (ECF No. 139.) The plaintiffs responded in opposition (ECF Nos. 142 & 143) and the defendant filed a reply (ECF No. 144).[2]

---

[1] The parties agree that Defendant Federation Internationale de Football Association has not been served with process. Accordingly, the court recommends that Defendant Federation Internationale de Football Association be dismissed from this action without prejudice. See Fed. R. Civ. P. 4(m).

[2] The plaintiffs have also filed a sur-reply. (ECF No. 145.) The Local Rules make no provision for sur-replies. Further, under Local Civil Rule 7.07 DSC, "[r]eplies to responses are discouraged."



The defendant argues that this matter should be dismissed based on their allegation that the plaintiffs failed to comply with the court's order compelling responses to its requests for production.[3] During the August 28, 2012 hearing, the plaintiffs stated that they have provided the defendant with all the documentary evidence that they possessed to support their claims and damages. After hearing argument from both sides and applying the factors established by the United States Court of Appeals for the Fourth Circuit in <u>Anderson v. Foundation for Advancement, Education and Employment of American Indians</u>, 155 F.3d 500 (4th Cir. 1998), the court concludes that sanctions under Federal Rule of Civil Procedure 37 are not warranted at this time.

Accordingly, the court recommends that the defendant's motion to dismiss (ECF No. 138) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 4, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] The defendant also sought dismissal based on allegations of inappropriate behavior by the plaintiffs. Based on these allegations, as well as allegations by the plaintiffs, the court directed that any communications between the parties be accomplished in writing.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).