IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Loretta L. Samuel and William R. Samuel, | ) | C/A No. 3:11-423-JFA-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| ESPN, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiffs, Loretta L. Samuel and William R. Samuel, who are currently self-represented, filed this civil action against ESPN, Inc., the remaining defendant. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 166.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the plaintiffs of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to the defendant's motion. (ECF No. 168.) The plaintiffs responded in opposition (ECF No. 176) and the defendant filed a reply (ECF No. 177).[1]

**BACKGROUND**

The plaintiffs essentially allege that the defendant infringed on their copyright of a work during its coverage of the 2010 Fédération Internationale de Football Association ("FIFA") World Cup, which took place in South Africa. The copyright at issue is U.S. Copyright Registration No. VAu697-958 and is entitled "African Reflection Mirror."

---

[1] The plaintiffs have also filed a letter, which appears to be a sur-reply. (ECF No. 179.) The Local Rules make no provision for sur-replies.

Page 1 of 7



The following images are at issue in this matter:

  

    ESPN African Coin        Plaintiffs' Sample[2]        Copyright Deposit Image
                                                                                          "African Reflection Mirror"

(See Def.'s Mem. Supp. Summ. J., ECF No. 166-1 at 13.)

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.

---

[2] This image reflects the sample of Plaintiffs' purported copyrighted work produced to defense counsel.



See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.  Moreover, this court recognizes that while the determinations of credibility and the weighing of evidence are matters for the jury and not the court, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 249-50 (citations omitted).

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Plaintiffs' Claim**

To establish a claim of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original."[3] Feist Publ'n, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  When direct evidence of copying is lacking, a plaintiff "may create a presumption of copying by indirect evidence, establishing that the defendant had access to the copyrighted work and that the defendant's work is 'substantially similar' to the protected material."  Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 801 (4th Cir. 2001).

The defendant argues that the plaintiffs have failed to demonstrate that the defendant had access to the plaintiffs' work or that the defendant's graphic is substantially similar to the protected elements, to the extent they exist, of the African Reflection Mirror.  Further, the defendant argues that the plaintiffs cannot rebut its clear evidence of independent creation of the alleged infringing work by the defendant and its design firm.  For the reasons that follow, the court finds that the defendant is entitled to summary judgment because the plaintiffs have failed to establish that the defendant had access to the copyrighted work at issue.[4]

"Access may be shown by demonstrating that the infringer had an opportunity to view or to copy the protected material.  But this showing must establish more than a 'mere possibility that such an opportunity could have arisen'; it must be 'reasonably possible that the paths of the infringer and the infringed work crossed.' " Ale House Mgmt., Inc. v. Raleigh Ale House, Inc., 205 F.3d 137, 143

---

[3] For purposes of this motion, the court assumes without deciding that the plaintiffs have a valid copyright in the "African Reflection Mirror."

[4] As this finding is determinative, the court need not address the remaining arguments presented by the defendant.



(4th Cir. 2000) (quoting Towler v. Sayles, 76 F.3d 579, 582 (4th Cir. 1996)); see also Eaton v. NBC, 972 F. Supp. 1019, 1024 (E.D. Va. 1997) ("[A] copyright plaintiff cannot base her opposition to summary judgment entirely on the hope that a fact finder will disbelieve the persons who have submitted affidavits on issues of access.  Put another way, it is axiomatic that a party may not defeat a properly supported motion for summary judgment merely by raising generalized questions as to the credibility of the movant's affiants.") (internal citations and quotation marks omitted).  The unrefuted evidence in this matter reveals the following with regard to the defendant's actions in developing and selecting the African Coin Graphic: (1) that around March 2009, ESPN Productions, Inc. entered into an agreement with a third party to design, develop, and deliver to it graphics and video scenics for the 2010 FIFA World Cup; (2) that over the next several months the third party presented several ideas; and (3) that ultimately one of the graphics, which was designated as the "African Coin," was selected for some transition shots in the broadcast.  (See Paiva Decl. ¶¶ 2-5, ECF No. 166-3 at 1-2; Dawson Decl. ¶¶ 2-8, ECF No. 166-4 at 1-2.)  The members of the third party design team declare that not one member that worked on the ESPN 2010 World Cup graphics had ever seen the plaintiffs' work prior to creation of the African Coin and not one has ever been to South Carolina.  (Dawson Decl. ¶ 9, ECF No. 166-4 at 3; Cooper Decl. ¶ 3, ECF No. 166-10; Robertson Decl. ¶ 3, ECF No. 166-11; Mitchell Decl. ¶ 3, ECF No. 166-12; Clowes Decl. ¶ 3, ECF No. 166-13.)

The plaintiffs did not respond to this argument in opposing summary judgment.  In other filings, plaintiffs appear to indicate that the defendant had access to the copyrighted material based on an advertisement in the 2006-2007 Columbia Midlands Edition Black Pages; storefront advertising on a major highway in Columbia, South Carolina, with heavy traffic flow; and plaintiffs'



participation in art shows and the "Black Expo." (ECF No. 166-2 at 13.) Further, the Amended Complaint conclusorily states that "[u]pon information and belief someone photographed the copyrighted work and used it to create the [image at issue.]" (Am. Compl. ¶ 22, ECF No. 71 at 4.) Even considering these assertions, plaintiffs have failed to refute the defendant's showing that it had no access to their work. See Ale House Mgmt., Inc., 205 F.3d at 143; Building Graphics, Inc. v. Lennar Corp., 866 F. Supp. 2d 530, 540 (W.D.N.C. 2011) ("[P]ublic dissemination of a work merely creates the possibility of access, and courts have consistently held that the fact that defendant could have or might have engaged in alleged conduct, without any substantive evidence, amounts to mere speculation and is insufficient to establish access.") (internal quotation marks and citation omitted). Accordingly, the defendant is entitled to judgment as a matter of law.

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendant's motion for summary judgment (ECF No. 166) be granted. In light of this recommendation, the court further recommends that all of the plaintiffs' motions for trial, hearings, and/or settlement be denied. (ECF Nos. 164, 181, 186, 187, & 191.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 6, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).